STATE OF MAINE by information of the ATTORNEY GENERAL,
*vs.*
SAMUEL K. WELLMAN and others, COUNTY COMMISSIONERS.

Franklin.    Opinion April 6, 1891.

*Mandamus. Summons. Service. Way. Opening. Discontinuance. R. S., c. 77.*

When proceedings for the laying out of a way have been by the Commissioners "confirmed, closed and recorded," such way is thereby located and established, and a petition to discontinue the same is a subsequent, new proceeding that does not in any way seek to annul or reverse such judgment of the County Commissioners, and therefore, does not interrupt and can not, in any way, enlarge the time specified within which such way should be built.

The time having expired within which the town interested, should have built the road when the Commissioners were petitioned to appoint an agent to construct the same, it was their duty to have so done instead of refusing to so do, and it, therefore, becomes the duty of this court, in the exercise of its plenary power over all inferior courts, to require the Commissioners to proceed and cause the road to be constructed as required by law.

When an order of court required that County Commissioners be summoned by serving them with an attested copy of a petition, *Held*; that the order was complied with by delivering the same to their chairman while the board was in session.

*Coombs* v. *Co. Com.* 71 Maine, 239, criticised.

ON EXCEPTIONS.

Petition for mandamus to the Commissioners of Franklin County. Upon a hearing, the court granted the petition and ordered an alternative writ to issue, returnable at the next term. The defendants excepted to the ruling and order.

The case is stated in the opinion.

*E. O. Greenleaf* for plaintiff.

The defendants contend that mandamus should not be granted,

as they say the petitioner has a clear remedy at law, etc., but they suggest none, nor have they any to suggest.

The writ of mandamus is of very ancient origin and was formerly regarded purely as a prerogative, but courts of more modern times have come to treat it more as a writ of right, and though applied to civil remedies, is usually instituted in the name of the state when the enforcement of public rights is sought. *Sawyer* v. *Co. Com.* 25 Maine, 291 ; *Weeks* v. *Smith*, 81 Maine, 538.

Mandamus lies to the person or the body whose legal duty it is to perform the required act. High's Extr. Legal Remedies, (Ed. of 1874,) pp. 316, 317 ; *People* v. *Com. Council of New York*, 3 Keyes, 81.

It has been urged that there is no appeal from the decision of the County Commissioners, that it is in their discretion to appoint an agent,— even if this be so, (which complainant denies,) that discretion must not be abused, nor be influenced by passion, adverse interest or prejudice.

One of these commissioners resides in one of the towns affected by the result of this case, and during a portion of the time since 1882, one of the municipal officers of the town of Chesterville, and as such officer has been vigorously resisting this road.

The word "may" in a statute is to be construed, "must" or "shall" whenever it can be seen that the legislative intent was to impose a duty, and not simply a privilege or discretionary power, and the same rule prevails where third persons or the public have, a right *de jure* that the power conferred shall be exercised. *Low* v. *Dunham*, 61 Maine, 566 ; *Worcester* v. *Schlesinger*, 16 Gray, 166 ; *Com.* v. *Smith*, 111 Mass. 407. Even after a change of the statute from "shall" to "may." *Phillips* v. *Fadden*, 125 Mass. 198.

The exceptions in this case do not show that defendants are aggrieved by the rulings or decision of the court and must be overruled on that general ground if none other.

*J. C. Holman, F. E. Timberlake and J. H. Thompson*, for defendants.

When the petition to discontinue was presented to them, the

time for opening the road stopped, was suspended, and did not begin to run again till proceedings were finally closed on the petition to discontinue. The court in *Coombs* v. *Co. Com.* 71 Maine, 239, say, "The original proceedings were vacated by the subsequent action of the parties litigant. The time for opening a road must run from the final action of the tribunal having jurisdiction. While the result is in doubt and in controversy, neither the town is required to act nor are the Commissioners to intervene."

A writ of mandamus will only go where no other legal remedy exists, such as indictment. Heard's Shortt. Extr. Rem. pp. 238, 240, and cases cited. Will not be granted to cause inferior courts to retrace steps, when they have once acted. Proceedings should be by appeal, review, *certiorari*, etc. Mandamus not a writ of right. The general rule is, when a question is submitted to the discretion of a judicial officer, his judgment is conclusive. He is not to be controlled by any discretion except his own. Where an inferior court has discretion in the relation to the proceedings pending before it and proceeds to exercise that discretion, the court will not control that discretion by mandamus. The exercise of that discretion is not to be revised by any other tribunal.

HASKELL, J. Proceedings for the laying out of a highway in the County of Franklin were "confirmed, closed and recorded" by the court of county commissioners on the 26th of December, 1883. The way was thereby laid out in the towns of Jay and Chesterville, and three years from that date allowed those towns to build and open the same.

August 13, 1889, the county commissioners, upon proper petition, after due notice to the parties interested, refused to appoint an agent to open and make the road, the towns charged by law with that duty not having done so, as they were required in such case by statute to do; therefore, a petition for mandamus was presented to this court, to compel the county commissioners to perform the duty imposed upon them by statute. At *nisi prius* the writ was ordered to issue, and exceptions to that order are now presented.

I. It is objected that the county commissioners were not

summoned as required by order of court. The order required that they be served with an attested copy of the petition, and such copy was delivered to their chairman while the full board was in session. It is hard to see how a more complete service could have been made.

II. It is objected that the three years within which the road should have been built by the towns liable to build it had not elapsed prior to this proceeding, inasmuch as a petition to discontinue the same intervened, thereby, meantime, interrupting the running of the statute.

When the commissioners, pursuant to the mandate of the appellate court, on the 26th of December, 1883, entered up their judgment that the proceedings on the petition for the laying out of the way "be confirmed, closed and recorded," "the located way became an established fact. *Hallock* v. *Franklin,* 2 Met. 559.

"In the absence of any statutory limitation relating thereto, we perceive no legal objection to the commissioners entertaining a petition for the discontinuance of a legally located highway at any time after the location has become an established fact. The subsequent discontinuance of the highway, whether very soon after it has been established by the adjudication, or after a long lapse of time, is a new, substantive, distinct, official act. It does not rescind or annul the former proceeding, but it assumes its continued existence as the basis of the discontinuance." *Millett* v. *County Commissioners,* 80 Maine, 429. In that case it was held that the petition to discontinue the road, now interposed as a defense, might be considered upon the ground that it was a new proceeding, that in no way affected the original laying-out of the way; and that it could be presented the same as though the road had already been built. If this be so, it could not suspend or interrupt the running of the statute time, within which the road should have been built and opened. There could be no assurance that the way already laid out, already "an established fact," would be discontinued, and the result shows that it was not discontinued. The original proceeding has not been affected in the least by the subsequent proceedings seeking a discontinuance of the way; and it could

not be, for the foundation stone of the latter is the existence of a way. It seeks to destroy the way, not the judgment that established it.

It may be said that it would be imprudent for commissioners to order a road built, which they intended, on proper proceedings, to discontinue. Until actual discontinuance, their duty is unchanged. The law does not wait for inaction, or assume the final result of their proceedings. If, in such case, this remedy be sought, the exercise of a sound discretion, that always governs the extraordinary remedy by mandamus, will afford complete and exact justice. "Sufficient unto the day is the evil thereof."

More than three years had elapsed from the time when the way was laid out before the commissioners entered their discontinuance of it, that an appeal shows should not have been entered at all. Instead of attempting to discontinue the way, they should have ordered it built.

The case of *Coombs* v. *County Commissioners*, 71 Maine, 239, if rightly reported, is confused in statement, and is not an authority against the doctrines of this case.

The plenary power of this court, under R. S., c. 77, over the proceedings of all inferior courts, by appropriate process, so clearly authorizes this procedure by the Attorney General, that further consideration of it is unnecessary.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred.